SMITH, Justice,
for the Court:
The case, which has resulted in this appeal, originated in the Chancery Court of Jackson County with the filing by the City of Pascagoula of a petition requesting ratification of a municipal ordinance extending its boundaries so as to annex additional territory. A date was fixed by the chancellor for a hearing upon the petition and such objections as might be interposed thereto and notice was published as required by Mississippi Code Annotated section 21-1-31 (1972).
In response to the notice, numerous written objections were filed by various persons and corporations within the area proposed to be annexed, as well as by Jackson County and other governmental entities to be affected. The City of Pascagoula then filed motions to strike various portions of certain of the written objections and to strike others entirely. These motions were all overruled by the chancellor who, nevertheless, granted the City of Pascagoula an interlocutory appeal to this Court.
The record here consists of the petition and exhibits, the written objections, the motions to strike referred to, and the orders of the court overruling the motions and granting the appeal. What proof the objectors may or may not have been prepared to offer at the hearing bearing upon the question of the reasonableness of the proposed expansion is, of course, impossible for us to know or foresee with any degree of accuracy-
Under the circumstances of the proposed expansion, affecting, as it must, the interests of a great many persons and corporations as well as functions and activities of Jackson County and other governmental entities within the area proposed to be annexed, it is impossible to predict at this stage of the proceedings what facts or circumstances may be developed in evidence having a bearing upon the reasonableness or unreasonableness of the proposed expansion. Obviously, the nature of the question is such thfct many factors may bear upon it, and disadvantages as well as advantages will be relevant and properly considered, as the expansion hardly could be considered« reasonable if it should develop that the former outweigh the latter.
We cannot accept the appeal in the present state of the record and must hold that it was improvidently granted. For that reason, nothing in this opinion is to be considered as indicating or foreshadowing any particular decision by this Court when' the matter is finally reached upon the merits. The entire case may be reviewed when the matter has been fully heard and the chancellor has made his findings and has entered a final degree.
The present appeal is dismissed as having been improvidently granted.
APPEAL DISMISSED.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.